UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAREN D. PETITE,

    Plaintiff,

v.                                                      Case No: 8:23-cv-939-CEH-SPF

LYFT, INC. and JOHN DOE,

    Defendants.
_____/

## ORDER

This matter comes before the Court on Plaintiff Caren Petite's Unopposed Motion to Remand (Doc. 9), filed on May 19, 2023. In the motion, Plaintiff requests the Court remand this action to state court for lack of diversity jurisdiction. Defendant, Lyft, Inc., does not object to the relief requested. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Unopposed Motion to Remand.

### DISCUSSION

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And "once a

federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). For diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship.").

In her initial Complaint, Plaintiff sued Lyft, Inc. and Lyft's unknown driver, "John Doe." In general, fictitious party pleading is not permitted in federal court unless the "plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage.'" *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). On April 28, 2023, Defendant Lyft, a citizen of Delaware and California, removed the case to this Court pursuant to 28 U.S.C. § 1332(a)(1), on the basis of diversity of citizenship.

In her unopposed motion to remand, Plaintiff represents that the Lyft driver, who is now known, is a Florida citizen, thereby destroying diversity of citizenship as Plaintiff is also a Florida citizen. Plaintiff intends to seek leave to amend her Complaint to name the non-diverse Lyft driver and drop Lyft as a party Defendant. Doc. 9 at 2; Doc. 9-2.

"Congress has given district courts broad discretion to decide whether, after removal, to permit joinder of a new defendant who would destroy diversity: '[i]f after

removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.'" *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (per curiam) (alteration in original) (quoting 28 U.S.C. §1447(e)). In general, the Federal Rules of Civil Procedure, liberally, permit a plaintiff to join a new defendant. *Id.* Indeed, district courts should "freely give leave" to amend complaints under Rule 15, and Rule 20 permits joinder of proper parties. Fed. R. Civ. P. 15(a), 20. Typically, in such situations where a Plaintiff names a new non-diverse defendant in a removed case, courts should closely scrutinize the pleading using the *Hensgens* factors. *See Reyes v. BJ's Rests., Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019) (applying the *Hensgens* factors).[1]

However, here, Plaintiff has not yet sought leave to amend her Complaint, and Defendant does not oppose remand to state court. Thus, the Court need not engage in an analysis of the *Hensgens* factors.

---

[1] In *Hensgens*, the court stated as follows:

> [J]ustice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.

*Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

3

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Unopposed Motion to Remand (Doc. 9) is **GRANTED**.

2. This case is **REMANDED** to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida.

3. The Clerk is directed to send a certified copy of this Order to the Clerk of the Sixth Judicial Circuit in and for Pinellas County, Florida.

4. The Clerk is further directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on May 22, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any